**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ROBBY ARNOLD | * | |
| PLAINTIFF | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | |
| | * | |
| EQUIFAX INFORMATION SERVICES, L.L.C. | * | COMPLAINT AND DEMAND |
| CASHCALL, INC., SELENE FINANCE, LP, | * | FOR A JURY TRIAL |
| SELECT PORTFOLIO SERVICING, INC.., | * | |
| CAPITAL ONE BANK (USA), N.A, AND | * | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | * | |
| DEFENDANTS | * | |

# **COMPLAINT**

This is an action for damages brought by an individual consumer, who is a victim of identity theft, for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 by defendants Equifax Information Services, L.L.C., Cashcall, Inc., Selene Finance, LLC, Select Portfolio Servicing, Inc., Capital One Bank (USA), N.A., and Experian Information Solutions, Inc.

1. Plaintiff Robby Arnold ("plaintiff' or "Mr. Arnold") is a natural person residing in Iberville Parish and is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c).

2. Defendant Equifax Information Services, L.L.C. ("Equifax") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax is a foreign limited liability company doing business in the state of Louisiana, who can be served through its registered agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802.

3. Defendant Cashcall, Inc. ("Cashcall") is a person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. Cashcall is a foreign corporation

1

doing business in the state of Louisiana, who can be served through its registered agent for service of process, National Registered Agents, Inc., 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

4.  Defendant Selene Finance, LP ("Selene") is a person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. Selene is a foreign limited partnership doing business in the state of Louisiana, who can be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

5.  Defendant the Select Portfolio Servicing, Inc. ("SPS")is a person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. SPS is a foreign corporation doing business in the state of Louisiana, who can be served through its registered agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802.

6.  Defendant Capital One Bank (USA), N.A. ("Capital One") is a person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. Capital One is a national bank which can be served through its chief executive officer, Richard Fairbank, 1680 Capital One Drive, McLean, Virginia 22102.

7.  Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian is a foreign corporation doing business in the state of Louisiana, who can be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

8.  Defendant Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §

1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

9. Defendant Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

## IV. FACTUAL ALLEGATIONS

10. Mr. Arnold was married to Farah Saizon Arnold ("Mrs. Arnold") until her death in September 2012.

11. At the time of her death, Mr. Arnold first learned that Mrs. Arnold had opened numerous credit accounts in his name without his authorization, permission, consent and knowledge.

12. Mrs. Arnold had opened an account with defendant Cashcall in Mr. Arnold's name.

13. Mrs. Arnold had opened account with defendant Capital One in Mr. Arnold's name.

14. Mrs. Arnold had taken out a mortgage on the home owned by Mr. and Mrs. Arnold which was later owned and/or serviced by defendants Selene and SPS.

15. The Cashcall account was not paid timely and/or was charged off, and the status of this account was being reported to co-defendants Equifax and Experian by Cashcall.

16. The Capital One account was not paid timely and/or was charged off, and the status of this account was being reported to co-defendants Equifax and Experian by Capital One.

17. These Selene account was not paid timely and/or was charged off, and the status of this account was being reported to co-defendants Equifax and Experian by Selene.

18. These SPS account was not paid timely and/or was charged off, and the status of this account was being reported to co-defendants Equifax and Experian by SPS.

19. Beginning in November 2012 and thereafter, Mr. Arnold began disputing each of these accounts with defendants Equifax and Experian in writing.

20. Mr. Arnold, having just determined that the Selene account was fraudulent, also notified defendant Selene that the mortgage loan it owned and/or was servicing was opened without his knowledge and that it was fraudulently opened in his name.

21. On each occasion of Mr. Arnold's disputes, Equifax notified Cashcall of plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a).

22. In response to plaintiff's disputes received from Equifax, Cashcall verified the reporting of its account wrongfully to Equifax.

23. Despite plaintiff's disputes, Equifax maintained the Cashcall account on plaintiff's consumer reports and has published it thereafter with this same fraudulent information.

24. In response to Mr. Arnold's disputes, Experian notified Cashcall of plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a).

25. In response to plaintiff's disputes received from Experian, Cashcall verified the reporting of its account wrongfully to Experian.

26. Despite plaintiff's disputes, Experian maintained the Cashcall account on plaintiff's consumer reports and has published it thereafter with this same fraudulent information.

27. On each occasion of Mr. Arnold's disputes, Equifax notified Capital One of plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a).

28. In response to plaintiff's disputes received from Equifax, Capital One verified the

reporting of its account wrongfully to Equifax.

29. Despite plaintiff's disputes, Equifax maintained the Capital One account on plaintiff's consumer reports and has published it thereafter with this same fraudulent information.

30. On each occasion of Mr. Arnold's disputes, Equifax notified Selene of plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a).

31. In response to plaintiff's disputes received from Equifax, Selene verified the reporting of its account wrongfully to Equifax.

32. Despite plaintiff's disputes, Equifax maintained the Selene account on plaintiff's consumer reports and has published it thereafter with this same fraudulent information.

33. On each occasion of Mr. Arnold's disputes, Equifax notified SPS of plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a).

34. In response to plaintiff's disputes received from Equifax, SPS verified the reporting of its account wrongfully to Equifax.

35. Despite plaintiff's disputes, Equifax maintained the SPS account on plaintiff's consumer reports and has published it thereafter with this same fraudulent information.

## DEFENDANT CASHCALL'S PRACTICES

36. Defendant Cashcall negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

37. As a result of defendant Cashcall's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

## DEFENDANT CAPITAL ONE'S PRACTICES

38. Defendant Capital One negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

39. As a result of defendant Capital One's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

## DEFENDANT SELENE'S PRACTICES

40. Defendant Selene negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

41. As a result of defendant Selene's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

## DEFENDANT SPS'S PRACTICES

42. Defendant SPS negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

43. As a result of defendant SPS's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

## DEFENDANT EQUIFAX'S PRACTICES

44. Defendant Equifax negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

   a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning plaintiff, as required by 15 U.S.C. § 1681e(b); and

   b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a).

45. As a result of defendant Equifax's failures to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

### DEFENDANT EXPERIAN'S PRACTICES

46. Defendant Experian negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

   a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning plaintiff, as required by 15 U.S.C. § 1681e(b); and

   b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a).

47. As a result of defendant Experian's failures to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation and emotional distress for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks

punitive damages in an amount to be determined by the jury.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against each defendant for:

a) Actual damages;

b) Punitive damages;

c) Attorney fees, litigation expenses and costs; and

d) Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

        s/Garth J. Ridge
        **GARTH J. RIDGE**
        Attorney for Plaintiff
        Bar Roll Number: 20589
        251 Florida Street, Suite 301
        Baton Rouge, Louisiana 70801
        Telephone Number: (225) 343-0700
        Facsimile Number: (225) 343-7700
        E-mail: GarthRidge@aol.com