UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBBY ARNOLD** | **CIVIL ACTION NO. 14-CV-765** |
| **Plaintiff** | **JUDGE DICK** |
| **VERSUS** | **MAGISTRATE JUDGE RIEDLINGER** |
| **EQUIFAX INFORMATION SERVICES LLC, CASHCALL, INC., SELENE FINANCE, LP, SELECT PORTFOLIO SERVICING, INC., CAPITAL ONE BANK (USA), N.A., AND EXPERIAN INFORMATION SOLUTIONS, INC.** | |
| **Defendants** | |

## DEFENDANT CASHCALL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

Defendant CashCall, Inc., ("CashCall"), by and through its undersigned counsel files this Memorandum of Law in support of its Motion to Dismiss, and states:

### BACKGROUND

1. On December 10, 2014, Plaintiff filed a Complaint [Doc. 1] in the above styled action alleging violations of the Fair Credit Reporting Act ("FCRA").

2. Specifically, Plaintiff alleges CashCall failed to comply with the requirements of 15 U.S.C. § 1681s-2(b) of the FCRA. [Doc. 1, ¶ 36].

3. 15 U.S.C. § 1681s-2(b) provides, in pertinent part:

> **(b) Duties of furnishers of information upon notice of dispute**
> **(1) In general**
> After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
> **(A)** conduct an investigation with respect to the disputed information;
> **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
> **(C)** report the results of the investigation to the consumer reporting agency;

    **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
    **(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
    **(i)** modify that item of information;
    **(ii)** delete that item of information; or
    **(iii)** permanently block the reporting of that item of information.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "All well-pleaded facts in the complaint are accepted as true and viewed in the light most favorable to the nonmovant." *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). "Rule 12(b)(6)," however, "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A claim must be dismissed "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## ARGUMENT

**Plaintiff's claim is barred by the applicable statute of limitations.**

    When the ground for dismissal is a statute of limitations, it must be "evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Pursuant to the FCRA:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
**(1)** 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
**(2)** 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.  Here, Plaintiff clearly alleges he first learned that his late wife "had opened numerous credit accounts in his name without his authorization, permission, consent and knowledge" upon her death in September 2012.  [Doc. 1, ¶¶ 10-11].

Because this complaint was not filed until December 10, 2014—more than two years after Plaintiff discovered the facts that give rise to his claim here—the Court can determine from the face of Plaintiff's Complaint that his claim against CashCall is time barred and must be dismissed.  *See, e.g., Mack v. Equitable Ascent Financial, L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014) (the "limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation").

WHEREFORE, Defendant CashCall, Inc., respectfully requests this Court enter an order dismissing Plaintiff's Complaint against it, and granting it such other and further relief as the Court deems just and proper.

Date:  January 22, 2015　　　　　　　**Respectfully submitted:**

　　　　　　　　　　　　　　　　　　STEFFES, VINGIELLO & McKENZIE
　　　　　　　　　　　　　　　　　　13702 Coursey Blvd., Building 3
　　　　　　　　　　　　　　　　　　Baton Rouge, Louisiana  70817
　　　　　　　　　　　　　　　　　　Telephone:  (225) 751-1751
　　　　　　　　　　　　　　　　　　Facsimile:  (225) 751-1998
　　　　　　　　　　　　　　　　　　Email: nmelancon@steffeslaw.com

　　　　　　　　　　　　　　　　　　By:  **s/  Noel Steffes Melancon**
　　　　　　　　　　　　　　　　　　William E. Steffes (#12426)

Noel Steffes Melancon (#30072)

*Counsel for Defendant CashCall, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing was served on January 22, 2015, via CM/ECF on:

Garth J. Ridge
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Email: GarthRidge@aol.com

Jonathan Wilbourn
McGlinchey Stafford
One American Place, 14th Floor
Baton Rouge, Louisiana 70825
Email: mferachi@mcglinchey.com
jwilbourn@mcglinchy.com
mgrand@mcglinchey.com

Christopher D. Cazenave
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana 70170
Email: ccazenave@joneswalker.com

Warren Horn
Heller, Draper, Hayden, Patrick & Horn, LLC
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Email: whorn@hellerdraper.com

Nancy Brechtel
Cotton, Schmidt & Abbott, LLP
650 Poydras Street, Suite 2810
New Orleans, LA 70130
Email: nbrechtel@csa-lawfirm.com

Taylor L. Freeman
Jones Day
717 Texas Avenue, Suite 3300
Houston, TX 77002
Email: tfreeman@jonesday.com

/s/Noel Steffes Melancon
Noel Steffes Melancon