IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

ROBBY ARNOLD               *
PLAINTIFF                  *   CIVIL ACTION NO. 14-765-SDD-SCR
                           *
VS.                        *
                           *
EQUIFAX INFORMATION SERVICES, L.L.C. *
CASHCALL, INC., SELENE FINANCE, LP,  *
SELECT PORTFOLIO SERVICING, INC..,   *
CAPITAL ONE BANK (USA), N.A, AND     *
EXPERIAN INFORMATION SOLUTIONS, INC. *
DEFENDANTS                 *

**MEMORANDUM IN OPPOSITION TO DEFENDANT
CASHCALL, INC.'S  MOTION TO DISMISS COMPLAINT**

**I. INTRODUCTION**

Plaintiff Robby Arnold ("plaintiff" or "Mr. Arnold"), is an identity theft victim who filed suit against defendant CashCall, Inc., among other entities, for violating the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681.  Defendant CashCall, Inc. ("defendant" or "CashCall")  has now filed a motion to dismiss this suit based upon the two year statute of limitations under the FCRA.  Plaintiff now opposes this motion.

**II.  STANDARD OF REVIEW**

The standard is clear: "Plaintiff's claim need not contain detailed factual allegations; it must only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Moreover, the complaint must only "give the defendant fair notice of what the [plaintiff's] claim is and the grounds on which it rests." *Id.* at 550 U.S. 555.

**II.  ARGUMENT**

1

There is no dispute that Mr. Arnold's claim against defendant CashCall is pursuant to section 1681s-2(b) of the FCRA which governs the investigation duties of a furnisher of information after it receives notice of a dispute by a consumer from a consumer reporting agency. Defendant's sole basis for this motion is that Mr. Arnold's claim is time barred because he discovered that he was a victim of identity theft in September 2012, and did not file suit until December 10, 2014, more than two years later.

The statute of limitations under the FCRA is "the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

Here, there could be no violation of the FCRA until plaintiff disputed the account to the consumer reporting agencies, and defendant failed to perform its duties under Section 1681s-2(b). Plaintiff's first dispute to a consumer reporting agency occurred in November 2012, and thereafter he disputed the account in question. Plaintiff could not have brought an action for the mere reporting of the account in September 2012. If he had, he would no doubt be facing a motion to dismiss that claim, citing Section 1681s-2©. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

The Ninth Circuit case *Drew v. Equifax Info. Serv., LLC*, 690 F.3d 1100 (9th Cir. 2012), holding that the two-year limitation does not run until the plaintiff discovers the defendant's failure to comply with the statute, not the time that the plaintiff learns of the false information. Here, plaintiff could not have discovered any violation until the violation occurred.

Defendant attempts to apply the two-year limitation to non-actionable conduct. Section 1681p provides that the statute of limitation runs from "the violation that is the basis for such liability

occurs." The violation is defendant's faulty investigation – not the false reporting.

### III. CONCLUSION

For the reasons stated above, plaintiff requests that the Court deny the motion to dismiss, or in the alternative, allow him leave to amend the complaint should any deficiencies be found.

          **s/Garth J. Ridge**
          **GARTH J. RIDGE**
          Attorney for Plaintiff
          Bar Roll Number: 20589
          251 Florida Street, Suite 301
          Baton Rouge, Louisiana 70801
          Telephone Number: (225) 343-0700
          Facsimile Number: (225) 343-7700
          E-mail: GarthRidge@aol.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2015, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

          **s/Garth J. Ridge**
          **GARTH J. RIDGE**
          Attorney for Plaintiff
          Bar Roll Number: 20589
          251 Florida Street, Suite 301
          Baton Rouge, Louisiana 70801
          Telephone Number: (225) 343-0700
          Facsimile Number: (225) 343-7700
          E-mail: GarthRidge@aol.com