UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBBY ARNOLD | CIVIL ACTION |
| VS. | 14-765-SDD-SCR |
| EQUIFAX INFORMATION SERVICES, LLC, CASHCALL, INC., SELENE FINANCE, LP, SELECT PORTFOLIO SERVICING, INC., CAPITAL ONE BANK (USA), N.A., AND EXPERIAN INFORMATION SOLUTIONS, INC. | |

**<u>RULING</u>**

Before the Court is the Plaintiff's *Rule 59 Motion to Vacate Judgment*.[1] Defendant, CashCall, Inc., and Defendants, Experian Information Solutions, Inc. and Equifax Information Services, LLC, have filed *Oppositions*,[2] to which Plaintiff has filed a *Reply*.[3] For the following reasons, Plaintiffs' *Motion* shall be granted.

**I.     FACTUAL AND RELEVANT PROCEDURAL BACKGROUND**

According to the *Complaint*[4], in September of 2012, after the death of his wife, the Plaintiff, Robby Arnold ("Arnold"), learned that she had used his identity without his consent in order to open numerous credit accounts with CashCall, Inc. ("CashCall"), Selene Finance, L.P. ("Selene"), Select Portfolio Servicing, Inc. ("SPS"), and Capital

---

[1] Rec. Doc. 37.
[2] Experian Information Solutions, Inc. and Equifax Information Services, LLC filed a *Joint Response in Opposition to Plaintiff's Motion to Vacate Judgment.* (Rec. Doc. 39). CashCall, Inc. filed a separate *Response in Opposition to Plaintiff's Rule 59 Motion to Vacate Judgment.* (Rec. Doc. 40).
[3] Rec. Doc. 42.
[4] Rec. Doc. 1.

DM 28930                                       1

One Bank (USA), N.A. ("Capital One")(collectively "Furnisher Defendants").[5]  The subject accounts fell into arrears at which point the Furnisher Defendants reported the delinquency status of the account to two consumer reporting agencies ("CRA"): Equifax Information Services, L.L.C. ("Equifax") and Experian Information Solutions, Inc. ("Experian").  Beginning in November of 2012, and continuing thereafter, Arnold began disputing the accounts with Equifax and Experian.  Arnold alleges that Equifax and Experian notified the Furnisher Defendants of each of Plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a), to which the Furnisher Defendants verified the reporting of their accounts wrongfully to Equifax and Experian.  In spite of his disputes, Equifax and Experian maintained the CashCall, Selene, SPS, and Capital One accounts on Arnold's consumer reports and continued to publish them with the same fraudulent information.  On December 10, 2014, Arnold filed his lawsuit asserting claims under the Fair Credit Reporting Act ("FRCA") alleging that Furnisher Defendants willfully and negligently failed to comply with 15 U.S.C. § 1681s-2(b), and alleging that Equifax and Experian (collectively the "CRA Defendants") negligently and willfully failed to comply with 15 U.S.C. §§ 1681e(b), 1681i(a).[6]

In response to his *Complaint*, CashCall moved for dismissal of Arnold's claims on the grounds that they were time-barred per 15 U.S.C. § 1681p.[7]  Arnold filed an *Opposition* to the *Motion*.[8]  The Court granted CashCall's *Motion* on the grounds that "[t]he 2 year limitations period commences to run when a claimant discovers facts that

---

[5] Rec. Doc. 1, The Fair Credit Reporting Act imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies.  15 U.S.C. § 1681, *et seq*.
[6] Rec. Doc. 1.  In addition to CashCall, Equifax, and Experian, Arnold also named the following as Defendants: Selene Finance, LP; Select Portfolio Servicing, Inc.; and Capital One Bank (USA), N.A.
[7] Rec. Doc. 22.
[8] Rec. Doc. 27.

give rise to a legal claim. *Mack v. Equable Ascent Financial*, LLC 748 F.3d 663 (5th Cir. 2014). The Court finds that prescription commenced on the date that the Plaintiff learned that his spouse had incurred unauthorized credit obligations, which date was more than 2 years prior to the date that suit was filed."[9] Subsequently, the Court entered a *Judgment* in favor of CashCall and against Plaintiff, dismissing all of Plaintiff's claims with prejudice.[10]

On April 23, 2015, Arnold filed a *Rule 59 Motion to Vacate Judgment* asserting that, because 15 U.S.C. §1682s-2(b) serves as the basis for his claims against CashCall, they are not time-barred. Relying on *Young v. Equifax Credit Information Services, Inc.*,[11] it is Arnold's position that his right to sue CashCall was not triggered until he disputed his CashCall account with the CRAs. CashCall disagrees and makes two points in support of its position. First, CashCall suggests that, because Plaintiff failed to distinguish *Mack v. Equitable Ascent Financial*[12] in his original opposition memorandum, the Court should decline entertaining such an argument at this juncture. Second, CashCall asserts that Plaintiff's claims are time-barred because he failed to allege when the CRAs notified CashCall of any dispute, which was necessary to trigger CashCall's duties. In addition, Experian and Equifax, the CRA Defendants, argue that the Court did not err by extending its finding of prescription to Plaintiff's claims asserted against them.

---

[9] Rec. Doc. 35.
[10] Rec. Doc. 36. (*Judgment* entered on March 26, 2015).
[11] *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 361 (5th Cir. 2002).
[12] *Mack v. Equitable Ascent Financial*, 748 F.3d 663 (5th Cir. 2014).

## II. LAW AND ANALYSIS

### A. Legal Standard

The Court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."[13] However, this discretion is not limitless as the "[c]ourt must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."[14] Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[15] "It is the movant's burden to 'clearly establish' a manifest error of fact [or law] on a Rule 59(e) motion."[16] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[17] Accordingly, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[18]

### B. Analysis

#### 1. Claims Against CashCall

The parties do not dispute that the statute of limitations under the FCRA is the "the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."[19] Rather, the point of contention, and the issue that must be resolved by the Court, is what served as the "date of discovery" necessary to

---

[13] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).
[14] *Id.*
[15] *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)(internal quotations omitted)).
[16] *Hornbeck Offshore Services, LLC, v. Fairfield Industries, Inc.*, 2010 WL 3283390, *2 (E.D.La. Aug. 16, 2010)(quoting *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[17] *Miceli v. Bank of New York Mellon*, 2015 WL 1758107, *2 (W.D. Tex.-Austin Division April 17, 2015)(quoting *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir. 2004)).
[18] *Templet*, 367 F.3d at 479.
[19] 15 U.S.C. §1681p.

trigger the commencement of the statute of limitations. CashCall urges the Court to uphold its prior finding that the statute of limitations began to run in September of 2012 when Arnold discovered his wife "had opened numerous credit accounts in his name without his authorization, permission, consent, or knowledge."[20] Whereas Arnold, relying on the Fifth Circuit decision in *Young,* argues that the statute of limitations should not begin to run until a viable cause of action could have been asserted against CashCall. Specifically, Arnold contends that the statute of limitations period did not commence until the Furnisher Defendants and the CRA Defendants failed to abide the statutory duties which arise only after the consumer disputes the completeness or accuracy of the report made to a credit reporting agency.

In its prior *Order*, the Court principally relied upon the Fifth Circuit holding in *Mack v. Equable Ascent Financial*, in reaching its decision.[21] After revisiting *Mack*, the Court concludes that it is distinguishable from the instant matter. In *Mack*, the plaintiff had alleged that his credit report had been obtained without a permissible purpose and without his consent in violation of 15 U.S.C. § 1681b. The Fifth Circuit concluded that, in cases involving these types of claims, the statute of limitations begins to run when the plaintiff discovers that an entity has obtained his credit report without his consent. However, in the pending matter, Arnold has not asserted a claim arising under 15 U.S.C. § 1681b. Therefore, the Court finds its prior reliance on *Mack* was misplaced and erroneous.

Arnold's claims against CashCall and the other Furnisher Defendants arise under 15 U.S.C. § 1682s-2(b), which establishes the statutory duties imposed on furnishers of

---

[20] Rec. Doc. 40, p. 2.
[21] *Mack v. Equable Ascent Financial*, 748 F. 3d 663 (5th Cir. 2014).

information once they receive a notice of dispute regarding the completeness or accuracy of information reported to a CRA.  Notably, Section 1682s-2(b)(1) requires furnishers to "conduct an investigation with respect to the disputed information"; "review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title"; and to "report the results of the investigation to the consumer reporting agency."  In *Young*, the Fifth Circuit interpreted Section 1682s-2(b), but expressly declined to address whether a private right of action exists under this statute.[22]  Nevertheless, the *Young* court noted that the "plain language of the FCRA … appears to impose civil liability on 'any person' violating a FCRA duty unless some exception applies."[23]  In *dicta*, the court noted that it did not appear as though any such exception would prohibit a claim under Section 1682s-2(b).  The *Young* court further explained that to maintain such a private right of action would require proof that the CRA had provided notice to the furnisher of a consumer dispute, so as to trigger the furnisher's duties under Section 1682s-2(b).[24]

Although the Fifth Circuit has yet to rule definitively on this issue, many district courts within this circuit have held that plaintiffs have a private right of action under Section 1681s-2(b).[25]  To maintain a private right of action under Section 1682s-2(b), Arnold must allege that: (1) he initiated a dispute with the CRA; (2) the CRA notified the Furnisher Defendants of the dispute; and (3) the Furnisher Defendants failed to take

---

[22] *Young*, 294 F.3d at 639.
[23] *Id.*
[24] *Id.* at 640.
[25] *Bacharach v. SunTrust Mortgage, Inc.*, 2015 WL 1897653, *3 (E.D.La. April 27, 2015)(noting that only Section 1681s-2(b) is subject to a private cause of action); *Shaunfield v. Experian Information Solutions, Inc.*, 991 F.Supp.2d 786, n. 20 (N.D.Tex. Jan. 9, 2014); *Smith v. National City Mortg.*, 2010 WL 3338537, *15 (W.D.Tex. Aug. 23, 2010); *King v. Equifax Info. Services*, 2005 WL 1667783, *2 (S.D.Tex. July 15, 2005).

appropriate action regarding the dispute (15 U.S.C. §1681s-2(b)(1)(A-E)).[26]  More on point, district courts have recognized that a private right of action under Section 1681s-2(b) only becomes viable after the consumer notifies the CRA, who then notifies the furnisher of the dispute.[27]  In other words, "liability for any alleged violations [under Section 1681s-2(b)] do[] not result until a credit reporting agency reports an inaccuracy and the furnisher fails to correct the error."[28]

Considering the district court decisions within this circuit and the plain language of Section 1682s-2(b), the Court concludes that the statute of limitations did not not begin to run until after: (1) Arnold disputed the reports made by the Furnishing Defendants to the CRA Defendants; (2) the CRA Defendants notified the Furnishing Defendants of the dispute; and (3) the Furnishing Defendants completed their investigation and submitted their response regarding the dispute to the CRA's.

Although the allegations do not specifically identify the dates upon which the CRA Defendants notified CashCall of the disputes or when CashCall verified the reporting of Arnold's account, it is plausible that Arnold's lawsuit was timely filed.  As alleged, Arnold's dispute process began sometime in November of 2012.[29]  From the

---

[26] *Douglas v. Select Portfolio Servicing, Inc.*, 2015 WL 1064623, *7 (S.D.Tex. Mar. 11, 2015).  *See also*, *Bacharach*, 2015 WL 1897653, at *3; *Welder v. Welder*, 2010 WL 1960622, *5 (S.D.Tex. May 14, 2010).
[27] *See, e.g.*, *Ganter v. Independent Bank*, 2014 WL 6371207, *3 (E.D.Tex. Nov. 14, 2014); *Howard v. CitiMortgage, Inc.*, 2014 WL 6802550, *3 (S.D.Miss. Dec. 2, 2014); *Fagan v. Lawrence Nathan Associates, Inc.*, 957 F.Supp.2d 784, 799 (E.D.La. 2013)(finding that plaintiffs' Section 1681s-2b claims failed as a matter of law "because any private right of action created by the FCRA requires a consumer to notify the consumer reporting agency, rather than the furnisher of information directly, who then gives notice of the dispute to the furnisher of information."); *Taylor v. Chase Auto Financial Corp.*, 850 F.Supp.2d 637, 642 (N.D. Miss. 2012); *Ashton v. Sallie Mae, Inc.*, 2010 WL 850984, *2 (N.D. Tex. Mar. 10, 2010); *Scott v. Amex/Centurion S&T*, 2001 WL 1645362, *4 (N.D. Tex. Dec. 18, 2001)("No cause of action against the furnisher of information accrues, therefore, until after the furnisher receives the requisite notice from ta consumer reporting agency.").
[28] *Richard v. Equifax, Inc.*, 2014 WL 7335034, *2 (S.D.Tex. Dec. 17, 2014)(quoting *Finegan v. Chase Home Fin., LLC*, 2012 WL 444046, at *3 (S.D. Tex. Feb. 10, 2012)(citations omitted)).
[29] The Court takes judicial notice of the calendar dates for November and December of 2012.  Depending upon when Arnold notified the CRAs of his dispute, when they in turn notified CashCall about Arnold's

date the CRAs received notice of Arnold's dispute, the CRAs had five (5) business days to provide notice of the dispute to CashCall,[30] which then had up to thirty (30) days to submit the results of its own investigation to the CRA.[31] When the Court construes the well-plead facts in conjunction with the applicable law as it must on a Rule 12(b)(6) motion,[32] the Court finds that, contrary to its prior *Order*, it is not evident that Arnold's claims are barred by a statute of limitations.[33] Accordingly, the Court finds that Arnold has satisfied his burden in showing that the Court's prior *Order*[34] was manifestly erroneous. Therefore, the Court's *Judgment*[35] shall be vacated.

　　2. Claims Against CRA Defendants

The CRA Defendants argue that Arnold's allegations indicate that they repeatedly complied with their notice obligations under Section 1681i(a) and, therefore, Arnold has failed to state a viable claim against them. The Court disagrees. In his *Complaint*, Arnold contends that the CRA Defendants are liable for failing to follow reasonable procedures to assure maximum possible accuracy of the information in

---

consumer dispute and completed its investigation, it is plausible that Arnold's claim did not become viable until December 2012.

[30] 15 U.S.C. § 1681i(2)(A).

[31] 15 U.S.C. § 1681s-2(b)(2) provides that a furnisher "shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1691i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information." 15 U.S.C. § 1681i(a)(1)(A) allows for the CRA to conduct its reinvestigation within thirty (3) days from the date the CRA receives notice of the consumer dispute. This thirty (30) day time limit applies to the furnisher as well.

[32] *Morris v. Milligan*, 2015 WL 5172871, *1 (5th Cir. Sept. 4, 2015)("[W]e accept at true all well-pleaded facts and view them in the light most favorable to the plaintiff.").

[33] "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident form the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

[34] Rec. Doc. 35.

[35] Rec. Doc. 36.

Arnold's consumer reports per 15 U.S.C. § 1681e(b), and for failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a).[36]

The Court finds that, like his claim against CashCall, Arnold's claims against the CRA Defendants would not become viable claims until after the consumer dispute process began in November of 2012. These claims invoke the reinvestigation process and the republication of Arnold's credit information which can only be triggered by a consumer dispute.[37] As previously discussed herein, due to the statutory time frame that CRAs must comply with once a consumer dispute is initiated, it is plausible that Arnold's claims against the CRAs are not statutorily barred. Hence, the Court finds that its *Order* and *Judgment* must be vacated.

---

[36] To state a claim under 15 U.S.C. § 1681e(b), Arnold must establish that "(1) inaccurate information was included in his credit report; (2) the inaccuracy was due to [Experian's and Equifax's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) [Arnold] suffered injury; and (4) his injury was caused by the inclusion of the inaccurate entry."[36] *Norman v. Experian Information Solutions, Inc.*, 2013 WL 1774625, *3 (N.D. Tex. Apr. 25, 2013). In order to state a viable claim under 15 U.S.C. § 1681i(a), Arnold must establish that "(1) he disputed the completeness or accuracy of an item of information contained in his consumer file [at Experian and Equifax] and notified [Experian and Equifax] directly of that dispute; (2) [Experian and Equifax] did not reinvestigate free of charge and either record the current the status of the disputed information or delete the item from the file in the manner prescribed by § 1681i(a)(5) within the statutory period; (3) [Experian's and Equifax's] noncompliance was negligent [or willful]; (4) [Arnold] suffered injury; and (5) [Arnold's] injury was caused by [Experian's and Equifax's] failure to reinvestigate and record the current status of the disputed information or delete the time from the file." *Zala v. Trans Union, LLC*, 2001 WL 210693, *4 (N.D. Tex. Jan. 17, 2001).

[37] *See*, *Matise v. Trans Union Corp.*, 1998 WL 872511, *5 (N.D.Tex. Nov. 30, 1998)(Lawsuit involving allegations against CRA for violating § 1681i by failing to investigate plaintiff's credit report properly, the district court explained that "[a] CRA has a duty to reinvestigate alleged inaccurate information in a consumer report only **after** it receives notification of a dispute from the consumer. 15 U.S.C. § 1681i(a)(1).")(emphasis added).

### III. CONCLUSION

For the foregoing reasons, Plaintiff Bobby Arnold's *Rule 59 Motion to Vacate Judgment*[38] is GRANTED. The Court's *Order*[39] and *Judgment*[40] are hereby VACATED.

Signed in Baton Rouge, Louisiana, on <u>October 20, 2015</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[38] Rec. Doc. 37.
[39] Rec. Doc. 35.
[40] Rec. Doc. 36.